# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| **JOSE CARLOS AVILA-SIFUENTES**, <br>     Petitioner, <br><br> v. <br><br> **UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, EL PASO DIVISION**, <br>     Respondent. | § § § § § § § § § §      EP-10-CV-33-KC |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Jose Carlos Avila-Sifuentes's ("Avila") *pro se* application for habeas corpus under 28 U.S.C. § 2241. Therein, Avila challenges his continued detention without a trial at the Federal Medical Center in Butner, North Carolina. After completing a preliminary review,[1] and for the reasons outlined below, the Court concludes that it should dismiss Avila's petition.

On December 3, 2008, a grand jury sitting in the Western District of Texas, El Paso Division, returned a one-count indictment against Avila for attempting to illegally reenter the United States, in violation of 8 U.S.C. § 1326(a).[2] With the indictment, the Government filed notice that it would seek an enhanced penalty, pursuant to 8 U.S.C. § 1326(b)(1). On January 30, 2009, United States District Court Judge Philip R. Martinez granted Avila's motion, through his

---

[1] *See* 28 U.S.C. § 2243 (West 2010) ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted unless it appears from the application that the applicant or person detained is not entitled thereto.").

[2] *United States v. Avila-Sifuentes*, EP-08-CR-3267 (W.D. Tex. indicted Dec. 3, 2008).

defense counsel, for a psychiatric examination, pursuant to 18 U.S.C. § 4241(a).[3] Following a competency hearing conducted on May 8, 2009, District Judge Martinez found that Avila was incompetent to understand the nature and consequences of the proceedings against him or to assist in his defense. He therefore committed Avila, pursuant to 18 U.S.C. § 4241(d)(1), to the custody of the Attorney General for hospitalization and treatment to determine whether a substantial probability existed that he could attain the capacity to permit the proceedings to go forward.[4] Avila was admitted to the Mental Health Division of the Federal Medical Center in Butner, North Carolina, to undergo a mental health evaluation. After this evaluation, District Judge Martinez conducted a second competency hearing on November 4, 2009. He again determined that Avila was unable to understand the nature and consequences of the proceedings against him or to assist in his defense. He accordingly entered a second order committing Avila to the custody of the Attorney General for hospitalization and treatment for a reasonable period not to exceed one hundred and twenty days, pursuant to 18 U.S.C. § 4241(d)(2).[5] Avila's

---

[3] *See* 18 U.S.C. § 4241(a) (West 2010) ("At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.").

[4] *See* 18 U.S.C. § 4241(d)(1) (permitting a court to commit a defendant to the custody of the Attorney General for up to four months while a determination is made as to whether there is a substantial probability that the defendant will regain the capacity to permit the proceedings to go forward in the foreseeable future).

[5] *See* 18 U.S.C. § 4241(d)(2) (permitting a court to commit a defendant for an additional reasonable period of time until his mental condition is so improved that trial may proceed or the pending charges against him are disposed of according to law).

commitment under this order is still in effect.

In his § 2241 petition, Avila alleges he is competent and unlawfully confined without a conviction. All of Avila's allegations are directed toward the federal criminal proceeding pending in the Western District of Texas. Avila is not, however, in custody within the jurisdictional confines of this Court. He is incarcerated in Butner, North Carolina, which is located in the Eastern District of North Carolina.[6] A § 2241 petitioner may make his attack only in the district court where he or his custodian is located.[7] Therefore, as long as Avila remains at the Federal Medical Center in Butner, he must file any § 2241 petitions in the Eastern District of North Carolina. Accordingly, this Court lacks a jurisdictional basis for reviewing his claims.[8]

Moreover, even if the statute permitted the Court to hear a § 2241 petition from a prisoner outside the district, an initial issue which any court must address is whether the petitioner has exhausted his administrative remedies. Exhaustion under § 2241 requires the petitioner to "fairly present all of his claims" through appropriate channels prior to pursuing federal habeas relief.[9] Avila has not shown that he has exhausted available remedies. Avila's challenges to the federal

---

[6] 28 U.S.C. § 113(a) (West 2010).

[7] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

[8] *See* 28 U.S.C. § 2241(a) (West 2010) ("Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions."); *see also Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (explaining that § 2241 petitions "must be filed in the same district where the prisoner is incarcerated") (citations omitted); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978) (per curiam) (explaining that a district court has no jurisdiction to consider a § 2241 petition unless the prisoner or his custodian are located within district).

[9] *See Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987) (addressing a § 2241 petition filed by a state pre-trial detainee); *cf. Fassler v. United States*, 858 F.2d 1016, 1018-19 (5th Cir.1988) (per curiam) (holding defendants cannot use § 2241 to challenge pretrial detention orders which may be challenged under 18 U.S.C. § 3145).

criminal proceeding should first be brought in the criminal matter before District Judge Martinez, in an appeal of pretrial decisions to the Fifth Circuit Court of Appeals as allowed under federal law, or, should he be convicted, in a direct appeal to the Fifth Circuit following his conviction. "To allow [a] petitioner to bring . . . claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping."[10] Thus, even if the statute permitted the Court to exercise jurisdiction in this matter, it would dismiss Avila's petition because he has failed to exhaust his available remedies.[11]

Accordingly, the Court concludes it plainly appears from Avila's petition that it should be dismissed. The Court, therefore, enters the following orders:

1. The Court **DISMISSES WITHOUT PREJUDICE** Petitioner Jose Carlos Avila-Sifuentes's *pro se* application for habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiciton.

2. The Court **DENIES AS MOOT** all pending motions.

**SO ORDERED.**

**SIGNED** on this 2nd **day of February 2010.**

*[signature: Kathleen Cardone]*
**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**

---

[10] *See Chandler v. Pratt*, 96 Fed. App'x 661, 2004 WL 1080214 (10th Cir. 2004) (unpublished op.) (dismissing petitioner's claims in a § 2241 petition (1) that the superceding indictment in a pending federal criminal proceeding was defective, and (2) that the court was denying him a speedy trial).

[11] *See United States v. Addonizio*, 442 U.S. 178, 184 n.10 (1979)("'[T]he writ of habeas corpus should not do service for an appeal. . . . This rule must be strictly observed if orderly appellate procedure is to be maintained.'")(quoting *Adams v. United* States ex rel. McCann, 317 U.S. 269, 274 (1942)); *Jones v. Perkins*, 245 U.S. 390, 391-392 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.").